Administradora De Naves Humboldt, Hanseatic Shipping Co. Ltd. and Kourian Shipping, Inc., Defendants–Cross–Defendants.

No. 06–3700–cv.

United States Court of Appeals, Second Circuit.

April 3, 2007.

As Revised April 24, 2007.

**FERROSTAAL, INC., Plaintiff–Appellant,**

v.

**M/V TUPUNGATO, her engines, boilers, tackle, etc., F.H. Bertling Reedere, GMBH, Bertling Logistics Pool and Tupungato Shipping Inc., Defendant–Appellee,**

**Compania Sud America de Vapores S.A. and Ultrabulk S.A. Panama, Third–Party–Defendants–Appellees,**

Steven P. Calkins, Kingsley, Kingsley & Calkins, Hicksville, New York, for Appellant.

Garth S. Wolfson, Mahoney & Keane, LLP, New York, New York, for Appellees F.H. Bertling Reedere GMBH, Bertling Logistics Pool, and Compania Sud Americana de Vapores S.A.

Randolph H. Donatelli, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, New York, New York, for Appellee M/V Tupungato.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, Circuit Judges, Hon. P. KEVIN CASTEL, District Judge.*

## SUMMARY ORDER

Ferrostaal, an importer and the owner of a shipment of steel coils, appeals from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, J.) in consolidated cargo damage cases brought under the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. § 30701 note. Ferrostaal seeks to recover for alleged rust damage and physical damage to steel coils carried on the vessel M/V Tupungato on a voyage from Huachipato, Chile to New Orleans. The district court concluded that Ferrostaal had failed to prove that the damages occurred aboard the Tupungato. This appeal followed, and we now affirm. We assume familiarity with the facts and procedural history.

## DISCUSSION

Ferrostaal argues principally that the district court (1) applied an erroneously stringent standard of proof, (2) failed to account for the change in the external

---

* The Honorable P. Kevin Castel, United States District Court for the Southern District of New York, sitting by designation.

appearance of the coils during the voyage, (3) improperly credited unreliable testimony, and (4) impermissibly excluded evidence showing that conditions onboard the vessel caused the damage to the coils.

We review factual findings of the district court under the clearly erroneous standard—under which factual findings are clearly erroneous where the reviewing court is left with the "definite and firm conviction that a mistake has been made." *J. Gerber & Co. v. S.S. Sabine Howaldt,* 437 F.2d 580, 588 (2d Cir.1971). We review a district court's decision to exclude an exhibit for abuse of discretion. *See Farkas v. Farkas,* 168 F.3d 638, 645 (2d Cir.1999). We review application of the law and the burden of proof de novo. *See India.com, Inc. v. Dalal,* 412 F.3d 315, 320 (2d Cir.2005).

Under COGSA, Ferrostaal bears the initial burden of proof of showing by a preponderance of the evidence that the coils were damaged while in the Tupungato's care. *See Nissho–Iwai Co. v. M/T Stolt Lion,* 719 F.2d 34, 38 (2d Cir.1983). This can be accomplished in either of two general ways. First, Ferrostaal may provide the direct evidence of the condition of the goods at delivery to the Tupungato and at discharge. *See Transatlantic Marine Claims Agency Inc. v. M/V OOCL Inspiration,* 137 F.3d 94, 98 (2d Cir.1998). Alternatively, Ferrostaal may carry its burden by showing that "the characteristics of the damage suffered by the goods justify the conclusion that the harm occurred while the goods were in the defendant's custody." *Id.* at 99.

The district court's determination that Ferrostaal had not established a prima facie case was primarily based on the following conclusions: (1) Ferrostaal failed to show by a preponderance of evidence that

the coils were discharged from the Tupungato in bad condition and (2) Ferrostaal failed to show that any alleged external wetting or mishandling which caused the rust and physical damage occurred on the Tupungato, as opposed to one of the other legs of the journey before the coils were inspected and the damage discovered.

■ Our review of the record yields no indication that the district court improperly applied the burden of proof. Furthermore, the court's conclusions are grounded in the record, which established that, *inter alia:* (1) the age of the rust on the coils could not be dated to any particular voyage; (2) the Tupungato's ventilation logs, and testimony and publications regarding general principles of when to ventilate cargo holds cast doubt on Ferrostaal's allegations that the cargo holds of the Tupungato were improperly ventilated; (3) if any "ship sweat" did occur, it did not penetrate the outer wrapping of the coils because the seawater found on the containers was not found inside the coils themselves; (4) observations of damage to the coil covers at discharge from the Tupungato does not establish that the coils themselves were damaged; (5) Ferrostaal's records inadequately detailed the condition of the individual coils at issue and (6) the coils had an opportunity to rust and be damaged at several other points on the journey—including on the unmanned river barges, at discharge at Burns Harbor, and while stored in Burns Harbor from early January.

■ Ferrostaal also argues in its reply brief that "the trial court did not perform its *Daubert* gatekeeper duty and violated [Federal Rule of Evidence] 702 by failing to properly assess the scientific reliability" of certain testimony, including

**14**

Captain Anderson's, because the court did not rule on their May 2006 in limine motion. We decline to exercise our discretion to address an issue raised for the first time in Ferrostaal's reply brief. *See Dixon v. Miller,* 293 F.3d 74, 80 (2d Cir.2002); *Nat'l Labor Relations Bd. v. Star Color Plate Serv.,* 843 F.2d 1507, 1510 n. 3 (2d Cir. 1988). We note, however, that the court made explicit credibility determinations when accepting the expert testimony in question. We also find no merit in Ferrostaal's alternative argument that the court erred in crediting Captain Anderson's testimony because seamen are generally untruthful out of loyalty to their ships.

■ Finally, Ferrostaal claims that the district court abused its discretion in excluding a report from Brian Jones, one of their surveyor's, that the Tupungato never should have ventilated the cargo holds during the voyage and rust damage to the coils would be expected based on his observation of the water stains and streaking on the coil covers. There is no merit to this contention. We have reviewed Ferrostaal's remaining arguments and find them to be without merit.

### CONCLUSION

For the reasons above, we AFFIRM the judgment of the district court.